UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARIN W.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. 3:24-cv-05079-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

　　　　Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for [supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

　　　　On April 29, 2019 plaintiff filed an application for SSI and DIB alleging a disability onset date of February 15, 2017. AR 193, 199. The claims were denied initially and upon reconsideration. AR 121, 126. On April 16, 2021 a hearing was conducted by Administrative Law Judge ("ALJ") Luke Woltering. AR 12-44. At the hearing plaintiff's attorney amended the onset date to February 5, 2019. AR 17.

1

On April 28, 2021 the ALJ issued a partially favorable decision, finding plaintiff to be disabled as of February 25, 2021, but not before then. AR 99-115. On March 2, 2022 the Appeals Council denied plaintiff's request for review. AR 1-4.

Plaintiff filed an appeal to this Court. On October 21, 2022 the Honorable David W. Christel issued a decision reversing and remanding the ALJ's decision. AR 623-635. On October 10, 2023 a hearing was conducted on remand, by ALJ Lawrence Lee. AR 585-613. On October 27, 2023 ALJ Lee issued a decision finding plaintiff was disabled as of February 25, 2021 but not before then. AR 531-548.

ALJ Lee found that since February 5, 2019 plaintiff had the following severe impairments: obesity; alcohol use disorder with cirrhosis of the liver, jaundice, ascites, and leg edema; lumbar degenerative disc disease; umbilical hernia status-post repair in February of 2020. AR 537. As a result, the ALJ concluded that since February 5, 2019 plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except:

> he is unable to climb ladders, ropes, or scaffolds; is occasionally able to climb ramps and stairs and to stoop, kneel, crouch, and crawl. The claimant is unable to work around hazards such as unprotected heights and exposed moving mechanical parts or in work that involves more than occasional exposure to extreme cold or vibration. The claimant must be allowed to elevate his legs 8 inches to relieve lower extremity edema.

AR. 540.

The ALJ determined that prior to February 25, 2021, plaintiff was able to perform the following work: assembler (DOT 739.687-066, sorter (DOT 521.687-086), and visual inspector (DOT 726.684-110). AR 547. He subsequently determined that beginning on February 25, 2021, there were no jobs that exist in significant numbers in the national

1  economy that plaintiff could perform and thus plaintiff met the criteria for disability on
2  that date. *Id.*

3  STANDARD

4  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
5  denial of Social Security benefits if the ALJ's findings are based on legal error or not
6  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874
7  F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such
8  relevant evidence as a reasonable mind might accept as adequate to support a
9  conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted).
10 The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759
11 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that
12 supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may
13 not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.*
14 Rather, only the reasons identified by the ALJ are considered in the scope of the Court's
15 review. *Id.*

16 DISCUSSION

17 **A. Plaintiff's need to elevate his legs**

18 Plaintiff argues that the ALJ lacked evidentiary support for the conclusion that
19 plaintiff needed to elevate his legs, throughout the day, only eight inches. Dkt. 10 at 5-8.
20 The ALJ is responsible for determining a plaintiff's RFC, which is the most a
21 claimant can do despite existing limitations. 20 C.F.R. § 404.1545(a), 404.1546(c).
22 416.945(a). The RFC assessment must include all of the claimant's functional limitations
23 supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685,
24
25

3

690 (9th Cir. 2009). It need not directly correspond to a specific medical opinion but may incorporate the opinions by assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). But if the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *See* Social Security Ruling 96-8p.

At the first hearing plaintiff testified that he could only sit in a chair for approximately 45 minutes to an hour before he would need to elevate his feet above his heart. AR 27-29. At the second hearing plaintiff testified that edema caused his legs to swell and so he would try and elevate his feet either by lying on the couch and putting his feet on the arm, or sitting on his bed or recliner. AR 601.

Plaintiff's attorney asked the Vocational Expert ("VE") at the first hearing whether employers in a competitive work environment allow individuals to elevate their legs above chair height and the VE responded that it would be a special accommodation. AR 42. At the second hearing the VE testified that an individual's need to elevate their legs above their torso would be incompatible with competitive employment. AR 608. However, she testified that a foot stool up to eight inches would be compatible with competitive work. *Id*.

The ALJ included a limitation in the RFC that "[plaintiff] must be allowed to elevate his legs 8 inches to relieve lower extremity edema." AR 540.

Plaintiff argues "the decision fails to explain how ALJ Lee arrived at the conclusion that Plaintiff would only need to elevate his legs 8 inches and not more than that." Dkt. 10 at 5.

4

Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999)).

In this case, Dr. Alexander Park, M.D. opined that plaintiff needs to elevate his legs for several hours a day. AR 414. However, the ALJ discounted this opinion in relevant part because the limitations were not supported by the treatment record, "which show just 2 visits where edema was a reported or clinical problem" and also plaintiff did not complain of "lower extremity swelling and pain, aside from the visits in February and March of 2019." AR 544. Plaintiff does not challenge the ALJ's assessment of Dr. Park's opinion. Additionally, Dr. Park did not indicate in his opinion to what height or angle plaintiff needed to elevate his legs to alleviate swelling. *See* AR 414.

There are notes throughout the record that indicate plaintiff experienced symptoms of leg swelling/edema. *See, e.g.*, 332, 356, 362, 369, 373, 321, 456, 457. Additionally, plaintiff's brother wrote that due to plaintiff's swelling legs he can't walk far. AR 253. However, again, these sources do not indicate a particular height or angle at which plaintiff needed to elevate his legs.

Plaintiff does not point to any evidence in the record that the ALJ neglected to take into account when formulating the RFC. Accordingly, the ALJ did not err in limiting plaintiff to needing to elevate his feet only eight inches. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)

**B. Plaintiff's need to use the restroom several times an hour.**

Plaintiff next challenges the ALJ's failure to include a limitation for his need to use the restroom several times an hour. AR 8-9.

At the first hearing plaintiff testified that he needs to use the restroom every ten to fifteen minutes because he takes Lasix medication. AR 26. He testified that he always has a change of clothing with him in case he has an accident because when he has to go to the bathroom, there is no waiting. *Id*. At the second hearing plaintiff testified that for four to five hours out of the day he has to go to the restroom every fifteen to twenty minutes due to his medication. AR 595. At the first hearing the VE testified that a person could take no more than two bathroom breaks on top of the regular three breaks permitted during a workday. AR 42.

The ALJ did not include a limitation based on plaintiff's need to frequently use the restroom in the RFC. Plaintiff argues that it was error for the ALJ to neither accommodate this limitation nor explain why he was declining to do so. Dkt. 10 at 8.

When assessing the RFC, the ALJ need not perform a function-by-function analysis "for medical conditions or impairments that the ALJ found neither credible nor supported by the record" and is only required to incorporate those limitations "for which there was record support that did not depend on [the claimant's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); SSR 96-8p.

The ALJ included plaintiff's testimony regarding his need to use the bathroom every 10 to 15 minutes for six hours after taking his medication in the opinion. AR 541. He also noted various doctors' references to plaintiff's diuretic medication throughout the record. *Id*. However, the ALJ did not specifically discount plaintiff's testimony regarding his need to frequently use the restroom.

The record reflects plaintiff's Lasix prescription but plaintiff does not specifically indicate the side effects plaintiff alleges or what frequency plaintiff experienced these side effects. *See* AR 462, 466, 478. The ALJ thoroughly summarized the treatment record for the period at issue and concluded that while plaintiff's medically determinable impairments could be expected to produce the symptoms alleged, "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully consistent with the medical record and other evidence in the record." AR 54`.

Plaintiff has failed to show that the ALJ erred in not addressing this limitation. *Bayliss v. Barnhart*, 427 F.3d at 1217.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 29th day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge